# United States District Court

NORTHERN DISTRICT OF TEXAS
Dallas Division

| | |
|---|---|
| UNITED STATES OF AMERICA | **JUDGMENT IN A CRIMINAL CASE** |
| v. | Case Number: 3:12-CR-175-O (29) |
| | U.S. Marshal's No.: 44605-177 |
| | Brandon McCarthy, Assistant U.S. Attorney |
| HERMAN VAUGHN | G. Shane Lewis, Attorney for the Defendant |

On August 15, 2012, the defendant, HERMAN VAUGHN, entered a plea of guilty to Count One of the One Count Indictment filed on June 20, 2012. Accordingly, the defendant is adjudged guilty of such Count, which involves the following offense:

| Title & Section | Nature of Offense | Date Offense Concluded | Count Number(s) |
|---|---|---|---|
| 21 U.S.C. §846 | Conspiracy to Distribute a Controlled Substance | January 1, 2009 | One |

The defendant is sentenced as provided in pages two through three of this judgment. The sentence is imposed pursuant to Title 18, United States Code § 3553(a), taking the guidelines issued by the United States Sentencing Commission pursuant to Title 28, United States Code § 994(a)(1), as advisory only.

The defendant shall pay immediately a special assessment of $100 for Count One of the One Count Indictment filed on June 20, 2012.

The defendant shall notify the United States Attorney for this district within thirty days of any change of name, residence, or mailing address until all fines, restitution, costs, and special assessments imposed by this judgment are fully paid.

Sentence imposed November 30, 2012.

_____
REED O'CONNOR
U.S. DISTRICT JUDGE


Signed November 30, 2012.

# IMPRISONMENT

The defendant, HERMAN VAUGHN, is hereby committed to the custody of the Federal Bureau of Prisons (BOP) to be imprisoned for a term of SEVENTY-TWO(72) months on Count One of the One Count Indictment filed on June 20, 2012. This sentence shall run concurrently with any sentences imposed in the defendant's pending state charges for Manufacture or Delivery of a Controlled Substance (Count 1) and Money Laundering (Count 2), Case No. 52057, pending in the 30th Judicial District Court of Wichita County, Wichita Falls, Texas.

The Court recommends to the BOP that the defendant be incarcerated at an FCI facility near Wichita Falls, Texas.  In addition the court further recommends that the defendant be able to participate in the Institutional Residential Drug Treatment and/ or mental health treatment program(s), receive vocational training and life skill training  classes, if eligible.

The defendant is remanded to the custody of the United States Marshal.

# SUPERVISED RELEASE

Upon release from imprisonment, the defendant shall be placed on supervised release for a term of FIVE(5) years on Count One of the One Count Indictment filed on June 20, 2012.

While on supervised release, in compliance with the standard conditions of supervision adopted by the United States Sentencing Commission, the defendant shall:

( 1)   not leave the judicial district without the permission of the Court or probation officer;
( 2)   report to the probation officer as directed by the Court or probation officer and submit a truthful and complete written report within the first five (5) days of each month;
( 3)   answer truthfully all inquiries by the probation officer and follow the instructions of the probation officer;
( 4)   support the defendant's dependents and meet other family responsibilities;
( 5)   work regularly at a lawful occupation unless excused by the probation officer for schooling, training, or other acceptable reasons;
( 6)   notify the probation officer within seventy-two (72) hours of any change in residence or employment;
( 7)   refrain from excessive use of alcohol and not purchase, possess, use, distribute, or administer any narcotic or other controlled substance, or any paraphernalia related to such substances, except as prescribed by a physician;
( 8)   not frequent places where controlled substances are illegally sold, used, distributed, or administered;
( 9)   not associate  with any persons engaged in criminal activity and  not associate with any person convicted of a felony unless granted permission to do so by the probation officer;
(10)   permit a probation  officer to visit the defendant at any time at home or elsewhere and  permit confiscation of any contraband observed in plain view by the probation officer;
(11)   notify the probation officer within seventy-two (72) hours of being arrested or questioned by a law enforcement officer;
(12)   not enter into any agreement to act as an informer or a special agent of a law enforcement agency without the permission of the Court; and
(13)   notify third parties of risks that may be occasioned by the defendant's criminal record or personal history or characteristics, and permit the probation officer to make such notifications and to confirm the defendant's compliance with such notification requirement, as directed by the probation officer.

In addition the defendant shall:

not commit another federal, state, or local crime;

not illegally possess controlled substances;

cooperate in the collection of DNA as directed by the probation officer;

not possess a firearm, ammunition, destructive device, or any dangerous weapon;

report in person to the U.S. Probation Office in the district to which the defendant is released from the custody of the Federal Bureau of Prisons within 72 hours of release;

refrain from any unlawful use of a controlled substance. The defendant shall submit to one drug test within 15 days of release from imprisonment and at least two periodic drug tests thereafter, as directed by the probation officer;

participate in a program (inpatient and/or outpatient) approved by the U.S. Probation Office for treatment of narcotic, drug, or alcohol dependency, which will include testing for the detection of substance use or abuse. The defendant shall abstain from the use of alcohol and/or all other intoxicants during and after completion of treatment; and,

participate in workforce development programs and services involving activities relating to occupational and career development, including but not limited to assessments and testing, educational instruction, training classes, career guidance, counseling, case management, and job search and retention services, as directed by the probation officer until successfully discharged from the program.

## FINE/RESTITUTION

The Court does not order a fine or costs of incarceration because the defendant does not have the financial resources or future earning capacity to pay a fine or costs of incarceration.

Restitution is not ordered because there is no victim other than society at large.

## RETURN

I have executed this judgment as follows:

_____

_____

_____

Defendant delivered on_____ to_____

at_____, with a certified copy of this judgment.

_____

United States Marshal

BY _____

Deputy Marshal