IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | |
| | § | |
| v. | § | Criminal No. 3:12-CR-175-O |
| | § | |
| HERMAN VAUGHAN | § | |

## ORDER

Before the Court is Defendant Herman Vaughan's Motion for Reduction of Sentence (ECF No. 1428), filed pursuant to 18 U.S.C. § 3582. Having considered the motion, the facts of the case, and the applicable law, the Court finds that the motion should be and is hereby **GRANTED.**

### I.   BACKGROUND

Defendant pleaded guilty to conspiracy to distribute a controlled substance. At sentencing, the Court determined that Defendant's total offense level would be calculated using § 2D1.1 of the United States Sentencing Guidelines Manual (the "Guidelines"). The Court sentenced Defendant to 72 months.

Defendant has moved to reduce his sentence pursuant to an amendment by the Sentencing Commission. *See generally* Mot. Reduction of Sentence, ECF No. 1428.

### II.   LEGAL STANDARD

The Sentencing Commission amended the provision of the Guidelines relating to drug quantity amounts to provide for a possible two (2) level reduction of the base offense level for drug sentences and made the amendment retroactive. Therefore, a defendant serving a drug sentence imposed pursuant to § 2D1.1 of the Guidelines may seek to reduce his sentence by filing a motion under 18 U.S.C. § 3582(c)(2), provided that the amendment reduces his offense level under the

Guidelines.

A defendant's eligibility for an offense level reduction under the Guidelines does not automatically entitle him to a sentence reduction. Instead, § 3582(c)(2) vests the district court with discretion to determine whether a defendant's sentence should be reduced. *United States v. Whitebird*, 55 F.3rd 1007, 1009 (5th Cir. 1995). In exercising its discretion, the district court is guided by the Sentencing Commission's policy statements and the sentencing factors enumerated in 18 U.S.C. § 3553(a). *See United States v. Henderson*, 636 F.3d 713, 714 (5th Cir. 2011).

### III.   DISCUSSION

Here, the Court finds that Defendant is eligible for an offense level reduction because he was sentenced using § 2D1.1 of the Guidelines and the amendment could apply to reduce his sentencing range under the Guidelines. Applying the amendment would reduce Defendant's offense level to 27, which would, in turn, produce a punishment range of 78-97 months.[1] At sentencing, the Government filed a motion for departure and the Court sentenced him to 72 months. Since Defendant received a downward departure at sentencing, he is eligible for a reduction in a comparable amount to the original reduction. *See* U.S.S.G. § 1B1.10 (c).

Because Defendant is eligible for an offense level reduction and a corresponding sentence reduction, the Court must consider this motion in light of the sentencing policy factors established by Congress. *See Henderson*, 636 F.3d at 714. Those factors are set out in § 3553(a), where Congress directed district courts to consider, among other things, the nature and circumstances of the offense, the history and characteristics of the defendant, and the need for a particular sentence

---

[1] All original guideline decisions, other than the guideline lowered by the Sentencing Commission, remain intact when deciding a § 3582(c)(2) motion. *United States v. Vautier*, 144 F.3d 756, 760 (11th Cir. 1998).

to reflect the seriousness of the offense, protect the public from further crimes of the defendant, and afford adequate deterrence to criminal conduct. *See* 18 U.S.C. § 3553(a). Applying these factors to Defendant's current motion, the Court finds that Defendant's sentence should be reduced to 62 months. Based on all of the information presented, Defendant's post-conviction rehabilitation as tempered by his criminal history and the offense conduct, the Court concludes this will result in a sentence that is sufficient, but not greater than necessary, to carry out the sentencing objectives set by Congress.

### IV.   CONCLUSION

After reviewing the amendment, as well as all of the sentencing factors set out in 18 U.S.C. § 3553(a), the Court finds that Defendant's Motion for Reduction of Sentence (ECF No. 1428) should be and is hereby **GRANTED.** Defendant's sentence is reduced to 62 months. The effective date of this reduction is November 1, 2015.

**SO ORDERED** on this **15th day** of **September, 2015.**

_____
Reed O'Connor
**UNITED STATES DISTRICT JUDGE**